**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5014**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ELMER GROSS, SR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(1:02-cr-00201-JFM)

———————

Submitted:  August 29, 2007          Decided:  November 5, 2007

———————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C.,
Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Christine Manuelian, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Elmer Gross, Sr. (hereinafter "Gross") appeals the district court's judgment on remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Finding no error, we affirm.

Gross first contends the court erred by punishing him for a drug quantity greater than that found by the jury or admitted by him. Count Three of the superseding indictment alleged distribution of one kilogram or more of heroin and five kilograms or more of cocaine. The district court found by a preponderance of the evidence, after considering the advisory nature of the guidelines, a quantity of three to ten kilograms of heroin.

As alleged in the superseding indictment, Gross faced a maximum possible sentence of life imprisonment. 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2007). Following Booker, the federal sentencing guidelines are now advisory. However, when calculating guideline ranges, sentencing courts may still make factual determinations regarding sentencing enhancement by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

As the indictment alleged Gross was responsible for one kilogram or more of heroin, and as the district court's finding of three to ten kilograms did not increase Gross' sentence beyond the prescribed statutory maximum, Gross' first challenge to the

district court's findings of fact is without merit. See Booker, 543 U.S. at 244; Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); United States v. Hughes, 401 F. 3d 540, 546 (4th Cir. 2005).

Gross next attacks the district court's finding that he possessed a firearm during the commission of a drug offense. Gross asserts that no evidence was presented that he possessed a firearm. Also, Gross did not admit to possession of a firearm, and he was not found guilty beyond a reasonable doubt by the jury of possession of a firearm. Accordingly, Gross asserts that the district court erred in enhancing his sentence two levels under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2002).

Section 2D1.1(b)(1) provides for a two level increase to a defendant's base offense level if the defendant possessed a dangerous weapon during a drug offense. A § 2D1.1 enhancement is to be applied unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. § 2D1.1, cmt. n.3. "It is well established that even where no conspiracy is charged, enhancement is appropriate where a firearm is physically possessed by another participant in the offense conduct to further the illegal enterprise." United States v. Falesbork, 5 F.3d 715, 720 (4th Cir. 1993).

Because there was overwhelming evidence that Gross' co-conspirators possessed weapons during and in furtherance of the course of the criminal conduct for which Gross was convicted and as

this possession was reasonably foreseeable by Gross, the court did not err in enhancing Gross' sentence under § 2D1.1.

Gross raises a third challenge to the district court's calculation of his advisory guidelines range. Based on Gross' three prior convictions, the district court determined Gross to be a career offender. According to Gross, one of those three convictions was a 2001 conviction for distribution of heroin. Gross argues that this conviction cannot be used to enhance his guidelines range because the heroin distribution was a specific predicate act used to convict him of RICO violations under Count One. This court rejected the argument Gross makes now in Gross' and co-defendant Ronald Eddie's prior appeal. United States v. Gross, 199 F. App'x 219, 244 (4th Cir. 2006) (unpublished). Accordingly, Gross' third alleged error is without merit.

Gross' final argument on appeal is that his sentence was unreasonable. Gross argues that his sentence of 600 months was unreasonable as it was, due to his age, a de facto life sentence. Also, Gross argues that the district court imposed a variance sentence and failed to adequately explain the reasons for the variance.

Following Booker, a sentencing court must engage in a multi-step process at sentencing. After calculating the correct guidelines range, the sentencing court must consider the guidelines range, any relevant factors set forth in the guidelines, and the

factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); then the court may impose sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Considering the factors in § 3553(a) does not require "discussion of each factor in a checklist fashion." United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006).

On appeal, this court reviews a sentence to determine whether it is reasonable. Moreland, 437 F.3d at 433. A post-Booker sentence may be unreasonable for procedural or substantive reasons. However, a sentence that falls within a properly calculated advisory guidelines range is presumed to be reasonable. Rita v. United States, 127 S.Ct. 2456, 2462 (2007).

Gross' sentence was procedurally reasonable. In imposing sentence, the district court recognized the advisory nature of the guidelines and discussed the applicability of the § 3553(a) factors to Gross' case. The district court specifically noted that: (1) the nature and circumstances of the offense evidence a total disrespect for the law; (2) a severe sentence was necessary to reflect the seriousness of the offense and to promote respect for the law; (3) a severe sentence was necessary to deter others; and (4) a severe sentence was necessary to protect the public from Gross. The court then sentenced Gross to 600 months' imprisonment, which fell within Gross' advisory guidelines range.[*]

_____

[*]Gross' 600-month sentence fell in his guidelines range of 360 months to life, so this was not a variance sentence.

Gross' sentence was also substantively reasonable. Gross was the leader of a large drug conspiracy and was responsible for a number of criminal acts, including distributing five or more kilograms of cocaine and three to ten kilograms of heroin. Additionally, Gross had a significant criminal history that included the rape of a twelve year old, which occurred while he was on supervised release for a prior drug offense. As Gross' sentence fell within his properly determined guidelines range, Gross' sentence is presumed to be reasonable. Gross has failed to rebut the presumption of reasonableness.

We affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED